1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERAPEUTIC RESEARCH FACULTY,<br><br>        Plaintiff,<br><br>   v.<br><br>NBTY, INC. and REXALL SUNDOWN, INC.<br><br>        Defendants. | CASE NO. 2:05-CV-02322 GEB DAD<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: November 16, 2005<br><br>The Honorable Garland E. Burrell, Jr. |

1.   <u>PURPOSE AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 39-141 sets forth the procedures that must be followed and reflects the standards that

-1-

SA\8060711.1
20742-8

STIPULATED PROTECTIVE ORDER
CASE NO. 2:05-CV-02322 GEB DAD

PDF created with pdfFactory trial version www.pdffactory.com

1   will be applied when a party seeks permission from the court to file material under seal.  Similarly,

2   the parties further acknowledge that this Stipulated Protective Order creates no entitlement to close

3   the courtroom for any testimony concerning confidential information; the Court will follow the

4   procedures for doing so under the governing law and the applicable rules.

5          2.      DEFINITIONS

6                  2.1      Party:  any party to this action, including all of its officers, directors,

7   employees, consultants, retained experts, and outside counsel (and their support staff).

8                  2.2      Disclosure or Discovery Material:  all items or information, regardless of

9   the medium or manner generated, stored, or maintained (including, among other things, testimony,

10  transcripts, or tangible things) that are produced or generated in disclosures or responses to

11  discovery in this matter.

12                 2.3      "Confidential" Information or Items:  information (regardless of how

13  generated, stored or maintained) or tangible things that qualify for protection under standards

14  developed under Fed. R. Civ. P. 26(c).

15                 2.4      "Highly Confidential - Attorneys' Eyes Only" Information or Items:

16  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-

17  party would create a substantial risk of serious injury that could not be avoided by less restrictive

18  means.

19                 2.5      Receiving Party:  a Party that receives Disclosure or Discovery Material

20  from a Producing Party.

21                 2.6      Producing Party: a Party or non-party that produces Disclosure or

22  Discovery Material in this action.

23                 2.7      Designating Party:  a Party or non-party that designates information or

24  items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

25  Confidential — Attorneys' Eyes Only."

26                 2.8      Protected Material:  any Disclosure or Discovery Material that is designated

27  as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

28                 2.9.      Outside Counsel:  attorneys who are not employees of a Party but who are

-2-

PDF created with pdfFactory trial version www.pdffactory.com

retained to represent or advise a Party in this action.

2.10   House Counsel:  attorneys who are employees of a Party.

2.11   Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.   This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material, subject to the limitations on court filings and hearings set forth in Paragraph 1 hereof.

4.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   DESIGNATING PROTECTIVE MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must

-3-

PDF created with pdfFactory trial version www.pdffactory.com

1    take care to limit any such designation to specific material that qualifies under the appropriate

2    standard.  A Designating Party must take care to designate for protection only those parts of

3    material, documents, items, or oral or written communications that qualify - so that other portions

4    of the material, documents, items, or communications for which protection is not warranted are

5    not swept unjustifiably within the ambit of this Order.

6           Mass, indiscriminate, or routinized designations are prohibited. Designations that are

7    shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

8    unnecessarily encumber or retard the case development process, or to impose unnecessary

9    expenses and burdens on other parties), expose the Designating Party to sanctions.

10          If it comes to a Party's or a non-party's attention that information or items that it

11   designated for protection do not qualify for protection, that Party or non-party must promptly

12   notify all other parties that it is withdrawing the mistaken designation.

13          5.2    Manner and Timing of Designations.  Except as otherwise provided in this

14   Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

15   material that qualifies for protection under this Order must be clearly so designated before the

16   material is disclosed or produced.

17          Designation in conformity with this Order requires:

18                 (a)     for information in documentary form (apart from transcripts of

19   depositions), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY

20   CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top of each page that contains protected

21   material.  If only a portion or portions of the material on a page qualifies for protection, the

22   Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

23   markings in the margins) and must specify, for each portion, the level of protection being asserted

24   (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

25                 A Party or non-party that makes original documents or materials available for

26   inspection need not designate them for protection until after the inspecting Party has indicated

27   which material it would like copied and produced.  During the inspection and before the

28   designation, all of the material made available for inspection shall be deemed "HIGHLY

-4-

PDF created with pdfFactory trial version www.pdffactory.com

CONFIDENTIAL - ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b)      for testimony given in deposition, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all testimony protected as "CONFIDENTIAL," and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after receipt from the court reporter of the draft transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 day period provided for by the preceding sentence shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)      for information produced in some form other than documentary,

DLA PIPER RUDNICK
GRAY CARY US LLP

STIPULATED PROTECTIVE ORDER
CASE NO. 2:05-CV-02322 GEB DAD

PDF created with pdfFactory trial version www.pdffactory.com

1    and for any other tangible items, that the Producing Party affix in a prominent place on the

2    exterior of the container or containers in which the information or item is stored the legend

3    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."   If only

4    portions of the information or item warrant protection, the Producing Party, to the extent

5    practicable, shall identify the protected portions, specifying whether they qualify as

6    "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

7            5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent

8    failure to designate qualified information or items as "Confidential" or "Highly Confidential -

9    Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure

10   protection under this Order for such material. If material is appropriately designated as

11   "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially

12   produced, the Receiving Party, on timely notification of the designation, must make reasonable

13   efforts to assure that the material is treated in accordance with the provisions of this Order.

14       6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

15           6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's

16   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

17   economic burdens, or a later significant disruption or delay of the litigation, a Party does not

18   waive its right to challenge a confidentiality designation by electing not to mount a challenge

19   promptly after the original designation is disclosed.

20           6.2     Meet and Confer.  A Party that elects to initiate a challenge to a

21   Designating Party's confidentiality designation must do so in good faith and must begin the

22   process by conferring directly (in voice to voice dialogue; other forms of communication are not

23   sufficient) with counsel for the Designating Party. In conferring, the challenging Party must

24   explain the basis for its belief that the confidentiality designation was not proper and must give

25   the Designating Party an opportunity to review the designated material, to reconsider the

26   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

27   designation. A challenging Party may proceed to the next stage of the challenge process only if it

28   has engaged in this meet and confer process first.

-6-

PDF created with pdfFactory trial version www.pdffactory.com

6.3     <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Local Rule 37-251 that identifies the challenged material and sets forth in detail the basis for the challenge.

Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as (i) employees of said Counsel and (ii) contractors and vendors of said Counsel (provided that any contractors and vendors have signed the "Agreement to Be Bound by Protective Order" that is attached as Exhibit A, except for a bonded and insured outside copy service used by Said Counsel, which shall not be required to sign Exhibit A), to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

-7-

PDF created with pdfFactory trial version www.pdffactory.com

1   signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

2              (c)      experts (as defined in this Order) of the Receiving Party to whom

3   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

4   Bound by Protective Order" (Exhibit A);

5              (d)      the Court and its personnel;

6              (e)      court reporters, their staffs, and professional vendors to whom

7   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

8   Bound by Protective Order" (Exhibit A);

9              (f)      during their depositions, witnesses in the action to whom disclosure

10  is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

11  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

12  Protected Material must be separately bound by the court reporter and may not be disclosed to

13  anyone except as permitted under this Stipulated Protective Order.

14             (g)      the author of the document or the original source of the

15  information.

16             7.3      Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

17  ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

18  the Designating Party, a Receiving Party may disclose any information or item designated

19  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

20             (a)      the Receiving Party's Outside Counsel of record in this action, as

21  well as (i) employees of said Counsel and (ii) contractors and vendors of said Counsel (provided

22  that any contractors and vendors have signed the "Agreement to Be Bound by Protective Order"

23  that is attached as Exhibit A, except for a bonded and insured outside copy service used by Said

24  Counsel, which shall not be required to sign Exhibit A), to whom it is reasonably necessary to

25  disclose the information for this litigation;

26             (b)      Experts (as defined in this Order) of the Receiving Party to whom

27  disclosure is reasonably necessary for this litigation  and who have signed the "Agreement to Be

28  Bound by Protective Order" (Exhibit A);

-8-

PDF created with pdfFactory trial version www.pdffactory.com

1    (c)    the Court and its personnel;

2    (d)    court reporters, their staffs, and professional vendors to whom

3    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

4    Bound by Protective Order" (Exhibit A); and

5    (e)    the author of the document or the original source of the

6    information.

7    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

8    OTHER LITIGATION.

9    If a Receiving Party is served with a subpoena or an order issued in other litigation that

10   would compel disclosure of any information or items designated in this action as

11   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the

12   Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

13   and in no event more than three court days after receiving the subpoena or order. Such

14   notification must include a copy of the subpoena or court order.

15   The Receiving Party also must immediately inform in writing the Party who caused the

16   subpoena or order to issue in the other litigation that some or all the material covered by the

17   subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

18   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

19   caused the subpoena or order to issue.

20   The purpose of imposing these duties is to alert the interested parties to the existence of

21   this Protective Order and to afford the Designating Party in this case an opportunity to try to

22   protect its confidentiality interests in the court from which the subpoena or order issued. The

23   Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

24   confidential material - and nothing in these provisions should be construed as authorizing or

25   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

26   9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

27   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

28   Material to any person or in any circumstance not authorized under this Stipulated Protective

-9-

PDF created with pdfFactory trial version www.pdffactory.com

1  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

2  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

3  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

4  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

5  Be Bound" that is attached hereto as Exhibit A.

6         10.    FILING PROTECTED MATERIAL.  Without written permission from the

7  Designating Party or a court order secured after appropriate notice to all interested persons, a

8  Party may not file in the public record in this action any Protected Material.  A Party that seeks to

9  file under seal any Protected Material must comply with L.R. 39-141.

10        11.    FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the

11 Producing Party, within sixty days after the final termination of this action, each Receiving Party

12 must return all Protected Material to the Producing Party. As used in this subdivision, "all

13 Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

14 reproducing or capturing any of the Protected Material. With permission in writing from the

15 Designating Party, or in connection with any abstracts, compilations, summaries or other

16 documents capturing any of the Protected Material that contain or would reveal attorney-client

17 privilege or attorney work-product of the Receiving Party or the Receiving Party's counsel, the

18 Receiving Party may destroy some or all of the Protected Material instead of returning it.

19 Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

20 written certification to the Producing Party (and, if not the same person or entity, to the

21 Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all

22 the Protected Material that was returned or destroyed and that affirms that the Receiving Party has

23 not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

24 capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

25 retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

26 correspondence or attorney work product, even if such materials contain Protected Material. Any

27 such archival copies that contain or constitute Protected Material remain subject to this Protective

28 Order as set forth in Section 4 (DURATION), above.

-10-

PDF created with pdfFactory trial version www.pdffactory.com

12.    MISCELLANEOUS

      12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

      12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  April 21, 2006

                              DLA PIPER RUDNICK GRAY CARY US LLP

                              By  /s/ Scott W. Pink
                                SCOTT W. PINK
                                Attorneys for Defendants
                                NBTY, Inc. and Rexall Sundown, Inc.

Dated:  April 21, 2006

                              LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

                              By  /s/ Celeste Phillips
                                CELESTE PHILLIPS
                                Attorneys for Plaintiff
                                Therapeutic Research Faculty

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:   April 26, 2006

                              _Dale A. Drozd_

                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE

-11-

PDF created with pdfFactory trial version www.pdffactory.com

1   Ddad1/orders.civil/therapeutic2322.stipord

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

DLA PIPER RUDNICK
GRAY CARY US LLP

STIPULATED PROTECTIVE ORDER
CASE NO. 2:05-CV-02322 GEB DAD

PDF created with pdfFactory trial version www.pdffactory.com

EXHIBIT A

ACKNOWLEDGMENT AND RECEIPT TO BE BOUND

I, _____, of _____,

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Eastern District of

California on _____, in the case of Therapeutic Research Faculty v. NBTY, Inc. and

Rexall Sundown, Inc., Case Number 2:05-CV-02322 GEB DAD.  I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner and information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as

my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

DLA Piper Rudnick
Gray Cary US LLP

STIPULATED PROTECTIVE ORDER
CASE NO. 2:05-CV-02322 GEB DAD

PDF created with pdfFactory trial version www.pdffactory.com