1  LORD, BISSELL & BROOK LLP
   Gabriel G. Green (SBN 222445)
2  ggreen@lordbissell.com
   300 South Grand Avenue, Eighth Floor
3  Los Angeles, CA  90071-3119
   Telephone: (213) 485-1500
4  Facsimile: (213) 485-1200

5  LORD BISSELL & BROOK LLP
   John T. Williams (*Pro Hac Vice Application Pending*)
6  jwilliams@lordbissell.com
   111 South Wacker Drive
7  Chicago, IL 60606
   Telephone: (312) 443-0700
8  Facsimile: (312) 443-0336

9  Attorneys for Defendants
   NBTY, Inc. and Rexall Sundown, Inc.
10

11                 UNITED STATES DISTRICT COURT

12               EASTERN DISTRICT OF CALIFORNIA

13                     SACRAMENTO OFFICE

14  THERAPEUTIC RESEARCH FACULTY          )  CASE NO. 2:05-CV-02322 GEB DAD
                                          )
15            Plaintiff,                   )  **NOTICE OF MOTION AND MOTION TO**
                                          )  **DISMISS COUNTS I, II, III, V, VI, VII, X,**
16       vs.                              )  **AND XI OF PLAINTIFF'S SECOND**
                                          )  **AMENDED COMPLAINT PURSUANT TO**
17  NBTY, INC., REXALL SUNDOWN, INC., and )  **FRCP 12(b)(6)**
    LE NATURISTE J.M.B INC.               )
18                                        )  Date:    August 7, 2006
              Defendant.                   )  Time:    9:00 a.m.
19                                        )  Ctrm:    10
                                          )
20  _____)  *Honorable Garland E. Burrell, Jr.*

21

22      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23      PLEASE TAKE NOTICE that on August 7, 2006, at 9:00 a.m., or as soon thereafter as the

24  matter may be heard in Courtroom 10 of the above entitled court, located at 501 "I" Street,

25  Sacramento, California 95814, defendants NBTY, Inc. ("NBTY") and Rexall Sundown, Inc.

26  (Rexall) (collectively "Defendants") will, and hereby do, move the Court for an order dismissing

27  Counts I, II, III, V, VI, VII, X, and XI of Plaintiffs Second Amended Complaint. pursuant to Federal

28  Rule of Civil Procedure 12(b)(6) on the grounds that the allegations alleged in support thereof fail to

1    state a claim upon which relief may be granted.

2         This motion will be based on this Notice of Motion and Motion, the Memorandum of Points

3    and Authorities attached hereto, the pleadings and papers filed herein, and upon such further

4    argument and authorities as the Court may request or permit to be presented on the matter.

5    Dated: July 5, 2006                          Respectfully submitted,

6                                                 LORD, BISSELL & BROOK LLP

7

8                                                 By: _____ /s/ Gabriel G. Green _____
                                                  John T. Williams
9                                                 Gabriel G. Green
                                                  Attorneys For Defendants
10                                                NBTY, INC. & REXALL SUNDOWN, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606-4410

[Defendant's Motion To Dismiss Eight Counts Of Plaintiff's Second Amended Complaint]

# TABLE OF CONTENTS

**PAGE**

I.    Plaintiff's Copyright-Infringement Claims Must Be Dismissed. ........................................3

    A.    Copyright Infringement (Count I)...............................................................................3

    B.    Contributory Copyright Infringement (Count II)......................................................4

    C.    Vicarious Copyright Infringement (Count III) .........................................................5

II.   Plaintiff's Computer-Related Statutory-Based Counts Fail To State A Claim....................6

    A.    Computer Fraud and Abuse Act ("CFAA")(Count V) ..............................................6

    B.    Electronic Communications Privacy Act ("ECPA") (Count VI)................................8

    C.    California Penal Code 502 (Count VII) ....................................................................9

III.  Plaintiff's Common-Law Claims Fail To State A Cause of Action. ...................................10

    A.    Trespass (Count X) ..................................................................................................10

    B.    Misappropriation Of Trade Secret (Count XI)........................................................11

Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606-4410

i

# TABLE OF AUTHORITIES

PAGE

**FEDERAL CASES**

A&M Records v. Napster, Inc.
239 F.3d 1004, 1019 (9th Cir. 2001) ....................................................... 4, 5

Accuimage Diagnostics Corp. v. Terarecon, Inc.
260 F.Supp.2d 941, 954 (N.D. Cal. 2003) ............................................. 9

Big Bear Lodging Ass'n. v. Snow Summit, Inc.
182 F.3d 1096, 1101 (9th Cir. 1999) ..................................................... 2

Brown v. Adidas Int.
938 F. Supp. 628, 634 (D. Cal. 1996) .................................................. 2, 10

Cahill v. Liberty Mutual Ins. Co.
80 F.3d 336, 337 (9th Cir. 1996) .......................................................... 2

Crowley v. Cybersource Corp.,
166 F. Supp. 2d 1263, 1271 (D. Cal. 2001) ......................................... 3, 5

Ebay, Inc. v. Bidder's Edge, Inc.,
100 F. Supp. 2d 1058, 1066 (N.D. Cal. 2000) ..................................... 9

Educational Testing Svc. v. Stanley Kaplan, Ed. Ctr., Ltd,
965 F.Supp.731, 740 (D. Md. 1997) ..................................................... 8

Feist Publ'ns, Inc. v. Rural Tel. Serv. Co. (1991)
499 U.S. 340, 348 ................................................................................. 4

Fonovisa, Inc. v. Cherry Auction, Inc.,
76 F.3d 259, 264 (9th Cir. 1996) .......................................................... 4

Forcier v. Microsoft Corp.,
23 F.Supp.2d 520, 529 (N.D. Cal. 2000) ............................................. 9

Forro Precision, Inc. v. Int'l Bus. Machines,
673 F.2d 1045, 1056-57 (9th Cir. 1982) ............................................... 10

Four Navy Seals & Jane Doe v. AP,
413 F.Supp.2d 1136, 1147 (D. Cal. 2005) ........................................... 3

Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.,
443 F.2d 1159, 1162 (2d Cir. 1971) ..................................................... 4

GlobeSpan, Inc. v. O'Neill,
151 F. Supp. 2d 1229, 1232 (D. Cal. 2001) ......................................... 2

In re Intuit Privacy Litigation,
138 F.Supp.2d 1272, 1281 (C.D. Cal. 2001) ....................................... 6

Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606-4410

[Defendant's Motion To Dismiss Eight Counts Of Plaintiff's Second Amended Complaint]

Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606-4410

Int'l Assoc. of Machinists & Aerospace Workers v. Werner-Matsuda,
  390 F.Supp.2d 479, 495 (D. Md. 2005) ................................................................ 5, 6, 7, 8

Matthew Bender & Co. v. West Publ'g. Co.,
  158 F.3d 693, 706 (2d Cir. 1998) .......................................................................... 4

Nexans Wires S.A. v. Sark-USA, Inc.,
  319 F. Supp. 2d 468, 474 (D.N.Y. 2004) .............................................................. 6

Register.com, Inc. v. Verio, Inc.,
  126 F. Supp. 2d 238, 250 (D.N.Y. 2000) .............................................................. 9

Sherman & Co. v. Salton Maxim Housewares, Inc.,
  94 F.Supp.2d 817, 821 (E.D. Mich. 2000) ........................................................... 7

Steve Jackson Games, Inc. v. U.S. Secret Service,
  36 F.3d 457, 462 (5th Cir. 1994) .......................................................................... 7

Three Boys Music Corp. v. Bolton,
  212 F.3d 477, 481 (9th Cir. 2000) ........................................................................ 3

Western Mining Council v. Watt,
  643 F.2d 618, 628 (9th Cir. 1981) ........................................................................ 3

**STATE CASES**

Intel Corp. v. Hamadi (2003)
  30 Cal. 4th 1342, 1351 ...................................................................................... 8, 9

Thrifty-Tel, Inc. v. Bezenek (1996)
  46 Cal.App.4th 1559, 1564 ................................................................................... 9

**FEDERAL STATUTES**

18 U.S.C. §2701(a) ................................................................................................... 7

**STATE STATUTES**

Cal. Civ. Code § 3426.1 ........................................................................................... 9

Cal. Civ. Code § 3426.1(d) ...................................................................................... 9

California Penal Code §502 ................................................................................... 5, 8

**STATE RULES**

Federal Rule of Civil Procedure 12(b)(6) ............................................................... 1

[Defendant's Motion To Dismiss Eight Counts Of Plaintiff's Second Amended Complaint]

Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606-4410

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### INTRODUCTION

3    Plaintiff's Second Amended Complaint ("SAC") against these Defendants is nothing more

4    than a spurious claim for breach of a license agreement which Plaintiff has attempted to disguise as a

5    litany of frivolous claims—ranging from copyright infringement,[1] to violations of various Federal

6    statutes and state codes, to disparate and wide-ranging common-law claims.  This "kitchen sink"

7    approach by Plaintiff in its current SAC is emblematic of Plaintiff's persistent and accelerated

8    attempts, for nearly two years, to leverage additional payments from Defendants for the same

9    licensed use of Plaintiff's Natural Medicines Comprehensive Database ("NMCD") for which

10   Defendants in good faith already have paid.

11   In mid-2004, Plaintiff initiated a dispute with Defendants over the scope of NBTY's use of

12   the website version of the NMCD (NBTY also had the hardcopy book versions of the NMCD).

13   NBTY vehemently disputed Plaintiff's claims.  Following months of negotiations by the parties and

14   their counsel, the parties reached a resolution and embarked on a continuing business relationship, as

15   set forth in the settlement letter agreement prepared by Plaintiff's counsel, effective February 25,

16   2005, and concomitant Site License Agreement ("SLA").  In the settlement letter agreement and

17   SLA, Plaintiff released NBTY and its affiliates and subsidiaries from any and all claims related to

18   the dispute.

19   After all of the parties executed the relevant settlement documents, Plaintiff apparently

20   became dissatisfied with the terms of the settlement letter agreement and SLA for which it had freely

21   bargained.  Only a few months later, Plaintiff and its counsel disingenuously began seeking further

22   compensation for use of the website version of the NMCD by NBTY, Rexall and another NBTY

23   subsidiary, Le Naturiste J.M.B. Inc. ("Le Naturiste").[2]  When Defendants refused to yield to

24   Plaintiff's attempt to leverage further sums for the same use, Plaintiff filed a seven-count Complaint

25   [1] Despite Defendants having requested in discovery—and repeatedly in meet-and-confer discussions

26   thereafter—production of Plaintiff's copyright registrations that were allegedly infringed, Plaintiff
     continues to obfuscate its claims by failing to produce a single one.

27   [2] Le Naturiste, a Canadian subsidiary of NBTY, has now been added as a defendant to the SAC,

28   though is not a movant herein.  Le Naturiste was served on June 16, 2006 and its response date to the
     SAC is September 13, 2006.

1

[Defendant's Motion To Dismiss Eight Counts Of Plaintiff's Second Amended Complaint]

Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606-4410

1    against NBTY on November 16, 2005, alleging copyright infringement, federal and state statutory

2    violations, breach of contract, trespass and misappropriation of information.  A seven-count First

3    Amended Complaint against NBTY and Rexall followed on December 16, 2005.

4         Plaintiff has now filed its SAC which has ballooned to 13 counts seeking additional license

5    fees for use of the NMCD by NBTY and Rexall—and adding Le Naturiste as a defendant—for use

6    of the NMCD both before and after the February 25, 2006 settlement letter agreement and SLA.

7    Without regard to the fact that Plaintiff's factual allegations are wholly without merit, dismissal of

8    the SAC is necessary as Plaintiff has failed to plead legally cognizable causes of action in at least

9    eight of the counts of the SAC.  Summarized below, Plaintiff's pleading deficiencies which mandate

10   dismissal include:

- *Copyright Claims.*  Plaintiff's copyright claims are all fatally deficient.  Plaintiff fails to allege any infringing activity, *i.e.*, how Defendants copied or reproduced protectible elements of Plaintiff's allegedly copyrighted works.

- *Computer-Related Statutory-Based Claims.*  Each of Plaintiff's computer-related statutory-based claims must be dismissed because the statutes under which these claims are brought were not intended to remedy the alleged type of conduct at issue here.  These claims are patently insufficient and fail as a matter of law.

- *Common-Law Claims.*  Plaintiff's respective common-law claims all miss the mark. There is no viable claim for trespass because there was no damage.  Similarly, there is no viable claim for misappropriation of trade secrets because a username-passcode combination does not constitute a trade secret and has no independent value.

18        For the reasons set forth herein, Defendants respectfully request pursuant to FRCP 12(b)(6)

19   dismissal of Counts I, II, III, V, VI, VII, X, and XI.

20                     **LEGAL STANDARD**

21        A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the

22   complaint.  *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337 (9th Cir. 1996).  A complaint

23   fails to state a claim if it does not allege facts necessary to support a legally cognizable claim.

24   *GlobeSpan, Inc. v. O'Neill*, 151 F. Supp. 2d 1229, 1232 (D. Cal. 2001).  While a court must view all

25   allegations of a complaint in the light most favorable to the non-movant (*Big Bear Lodging Ass'n. v.*

26   *Snow Summit, Inc.*, 182 F.3d 1096, 1101 (9th Cir. 1999)), the court is under no obligation to "assume

27   the truth of legal conclusions merely because they are cast in the form of factual allegations." *Brown*

28   *v. Adidas Int.*, 938 F. Supp. 628, 634 (D. Cal. 1996), *quoting Western Mining Council v. Watt,* 643

[Defendant's Motion To Dismiss Eight Counts Of Plaintiff's Second Amended Complaint]

1    F.2d 618, 628 (9th Cir. 1981).

2                                    **ARGUMENT**

3    **I.    Plaintiff's Copyright-Infringement Claims Must Be Dismissed.**

4         **A.    Copyright Infringement (Count I)**

5         Plaintiff has wholly failed to state a claim for copyright infringement. (SAC at ¶¶47-50).  To

6    state a claim for copyright infringement, plaintiff must allege ownership of a valid copyright and

7    defendant's copying of constituent elements of the work that are original.  *Three Boys Music Corp.*

8    *v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000); *Four Navy Seals & Jane Doe v. AP*, 413 F.Supp.2d

9    1136, 1147 (D. Cal. 2005).  Plaintiff alleges only that it is "the owner of the exclusive copyrights" of

10   the NMCD. (SAC at ¶16).  Plaintiff has utterly failed to allege that Defendants copied constituent

11   elements of Plaintiff's work that are original.  Plaintiff instead alleges that Defendants "infringed

12   [Plaintiff's] copyrights by engaging in the systematic, regular, and repeated unauthorized access" to

13   the NMCD. (SAC at ¶48).  This is not the type of conduct subject to protection by the copyright

14   laws—the allegation simply has nothing to do with Defendants *copying* Plaintiff's work.

15        The only allegation that even potentially applies is Plaintiff's vague allusion to Defendants'

16   "reproduction of [Plaintiff's] copyrighted works." (SAC at ¶49).  But this allegation does nothing to

17   cure the failure of the claim because it is merely a conclusory statement lacking any factual support.

18   *See Crowley v. Cybersource Corp.*, 166 F. Supp. 2d 1263, 1271 (D. Cal. 2001) (For the purpose of

19   ruling on a Rule 12(b)(6) motion, courts are not bound to accept the truth of legal conclusions that

20   are without factual support).

21        Plaintiff's other allegation that "NBTY employees improperly accessed the [NMCD] for the

22   purpose of preparing FDA notifications and maintaining files evidencing support for product

23   labeling" (SAC at ¶26) similarly fails to support a claim that Defendants *copied* Plaintiff's allegedly

24   copyrighted works.  Plaintiff, therefore, has not alleged any infringing activity that would constitute

25   copyright infringement, as is required to state a claim for copyright infringement.  *See Three Boys*

26   *Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000); *Four Navy Seals & Jane Doe v. AP*, 413

27   F.Supp.2d 1136, 1147 (D. Cal. 2005).

28   / / /

Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606-4410

3

Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606-4410

1    Even if Plaintiff had alleged the requisite infringing activity, this claim would still fail

2    because Plaintiff fails to allege that Defendants' allegedly infringing conduct involved Plaintiff's

3    original work.  The mere fact that a work is copyrighted does not mean that every element of the

4    work may be protected.  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.* (1991) 499 U.S. 340, 348.

5    Plaintiff admits in its allegations that the NMCD contains facts, e.g., "pharmacist prepared

6    monographs containing detailed evidence-based information."  (SAC at ¶12.)  Purely factual

7    information, however, may not be copyrighted.  *Feist*, 499 U.S. at 347.  While the manner and

8    format of expressing those facts may be copyrighted (*id.* at 348), Plaintiff's SAC does not allege, or

9    even give rise to an inference, that Defendants used or, more importantly, copied Plaintiff's original

10   selection or arrangement of factual information.  Plaintiff, therefore, has simply failed to allege

11   sufficient facts to state a cause of action for copyright infringement and Count I should, accordingly,

12   be dismissed.

13       **B.      Contributory Copyright Infringement (Count II)**

14       Plaintiff's second claim for contributory copyright infringement, which is predicated entirely

15   on the underlying legally deficient copyright infringement claim (discussed, *supra*), also fails as a

16   matter of law.  To allege a claim for contributory copyright infringement, a plaintiff must allege that

17   the defendant, with knowledge of the infringing activity, induced, caused, or materially contributed

18   to the infringing conduct of another.  *See Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*,

19   443 F.2d 1159, 1162 (2d Cir. 1971); *see also Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259,

20   264 (9th Cir. 1996).  This is because liability for contributory copyright infringement only exists if

21   the defendant engaged in "personal conduct that encourage[d] or assist[ed] the infringement."  *See*

22   *Matthew Bender & Co. v. West Publ'g. Co.*, 158 F.3d 693, 706 (2d Cir. 1998); *A&M Records v.*

23   *Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001).

24       Plaintiff alleges that NBTY "induced, caused, and/or materially contributed to the infringing

25   activity" of Rexall and Le Naturiste by "providing the username and passcode" to the NMCD (SAC

26   at ¶52(a),(b)).  (SAC at ¶54).  Plaintiff further alleges that it was harmed by Defendants'

27   "unauthorized access to reproduction of its copyrighted works."  (SAC at ¶54).  The inherent problem

28   with Plaintiff's claim, however, is that it has failed to allege that NBTY, Rexall or Le Naturiste

4

[Defendant's Motion To Dismiss Eight Counts Of Plaintiff's Second Amended Complaint]

1  *copied* protectible elements of Plaintiff's allegedly copyrighted work.  Because Plaintiff's SAC does

2  not include sufficient allegations to state a claim for copyright infringement, its SAC, likewise, fails

3  to set forth sufficient facts state a claim for contributory copyright infringement.  Accordingly,

4  Count II should be dismissed.

5        **C.    Vicarious Copyright Infringement (Count III)**

6        Much like its claim for contributory copyright infringement, Plaintiff's vicarious liability

7  claim fails as a matter of law because Plaintiff simply fails to allege sufficient facts to support its

8  underlying copyright infringement claim.  Three elements are required to hold a defendant

9  vicariously liable for copyright infringement: (1) direct infringement by a primary party, (2) a direct

10  financial benefit to the defendant, and (3) the right and ability to supervise the infringers.  *Napster*,

11  239 F.3d at 1022.  Plaintiff does not, however, allege sufficient facts to support the first element of

12  this claim.  That is, Plaintiff has not alleged that any of the Defendants *copied* protectible elements

13  of Plaintiff's allegedly copyrighted work.  While the SAC includes a bare allegation of

14  "reproduction"(SAC at ¶61), that conclusory allegation is without factual support and, therefore, is

15  without legal effect.  *See Crowley*, 166 F. Supp. 2d at 1271.

16  **II.    Plaintiff's Computer-Related Statutory-Based Counts Fail To State A Claim.**

17        Plaintiff has failed to state a claim under the Computer Fraud and Abuse Act ("CFAA"),

18  Electronic Communications Privacy Act ("ECPA"), and California Penal Code §502.  The general

19  purpose of these statutes was to create a cause of action against computer hackers.  *See Int'l Assoc.*

20  *of Machinists & Aerospace Workers v. Werner-Matsuda*, 390 F.Supp.2d 479, 495 (D. Md. 2005);

21  *see also* Cal. Penal Code § 502, subd. (c).  Yet as there is no allegation that the Defendants hacked

22  into the NMCD, the statutes and code section, under which these three claims are brought, seek to

23  remedy a type of misconduct not at issue here.

24        **A.    Computer Fraud and Abuse Act ("CFAA")(Count V)**

25        Plaintiff fails to state a claim under the CFAA. (SAC at ¶¶70-74).  While Plaintiff alleges

26  that Defendants violated CFAA sections 1030(a)(2), (a)(5), and (a)(6), these allegations fail because

27  Plaintiff has not plead the requisite type of economic damages necessary to state a civil cause of

28  action under CFAA.  Section (g) of the CFAA provides that a civil action may be brought "only if

Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606-4410

[Defendant's Motion To Dismiss Eight Counts Of Plaintiff's Second Amended Complaint]

Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606-4410

1  the conduct involves 1 of the factors set forth in clause (i), (ii), (iii), (iv) or (v) of subsection

2  (a)(5)(B)." The conduct alleged by Plaintiff does not involve any of these factors.

3  The only potentially relevant factor requires a "loss" "aggregating at least $5,000 in value."

4  *See* Subsection (a)(5)(B)(i). But Plaintiff does not allege that it has incurred a "loss" of $5,000, as

5  contemplated by the CFAA. "The meaning of 'loss' [under the CFAA] has consistently meant a cost

6  of investigating or remedying damage to a computer, or a cost incurred because the computer's

7  service was interrupted." *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 474 (D.N.Y.

8  2004); *see also* Section 1030(e)(11). "'[L]oss' as it is used in Section 1030(g) means irreparable

9  damage" (*In re Intuit Privacy Litigation,* 138 F.Supp.2d 1272, 1281 (C.D. Cal. 2001)), which is

10  defined in the CFAA as "any impairment to the integrity or availability of data, a program, a system,

11  or information." *See* Section 1030(e)(8). "Even cases taking an expansive view of the CFAA

12  jurisdictional threshold have not suggested that 'loss' can include a cost unrelated to the computer."

13  *Nexans*, 319 F.Supp.2d at 476 (citing cases). "[T]he type of costs which the CFAA allows recover

14  for are related to fixing a computer." *Id.* at 475.

15  Plaintiff's bare allegation that Defendants caused "damage to a computer involved" (SAC at

16  ¶14) is conclusory and unsupported by any factual allegations. Similarly, Plaintiff's bald allegation

17  that it has suffered "damage or loss" under section 1030 (SAC at ¶74) is without any factual basis

18  whatsoever. Not only has Plaintiff failed to allege that it expended costs investigating and

19  remedying any damage to any computer, it has not even alleged that its costs exceeded $5,000 under

20  the CFAA. Because "a civil cause of action was created under the CFAA to redress damage and loss

21  as a result of serious computer abuse, such as transmission of computer 'viruses' and 'worms'"

22  (*Werner-Masuda*, 390 F.Supp.2d at 495-96, *citing* S.Rep.No. 101-544, at 4-5 (1990)) and because

23  the SAC is devoid of any such allegation, Plaintiff fails to state a cause of action. As a result, Count

24  V must be dismissed.

25  / / /

26  / / /

27  / / /

28  / / /

6

Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606-4410

**B.   Electronic Communications Privacy Act ("ECPA") (Count VI)**

Plaintiff also fails to state a claim under the ECPA. (SAC at ¶¶75-77).   "Title II [of the ECPA] generally proscribes unauthorized access to stored wire or electronic communications." *Steve Jackson Games, Inc. v. U.S. Secret Service*, 36 F.3d 457, 462 (5th Cir. 1994).   A person violates section 2701 of the ECPA if that person "(1) intentionally accesses without authorization a facility through which an electronic service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication which is in electronic storage." *See* 18 U.S.C. §2701(a).   Because Defendants were authorized to access the NMCD, the authorization exception to the ECPA is triggered (*see* §2701(c)), and Plaintiff has no claim under §2701(a)(1).

Plaintiff's ECPA claim also fails because it does not allege that Defendants obtained, altered, or prevented authorized access to a communication in storage.   While Plaintiff contends that the Defendants used the NMCD in excess of the usage permitted under the relevant license agreements, such conduct does not trigger a claim under the ECPA.   In *Int'l. Assoc. of Machinists & Aerospace Workers v. Werner-Matsuda*, 390 F.Supp.2d 479, 495 (D. Md. 2005), the plaintiff alleged that the defendant violated the ECPA by accessing the computer either without authorization or in excess of authorization.   *Id.* at 495.   When the defendant moved to dismiss the ECPA claims, the court granted the motion, explaining that the plaintiff "simply cannot overcome the fact, supported by its own allegations, that [defendant] was authorized to access the information contained" on the website.   *Id.* at 499.

The court in *Werner-Matsuda* also rejected the plaintiff's claim that the defendant accessed the website "in a manner that exceeded her authorization under the Registration Agreement."   *Id.* at 495.   The court reasoned that section 2701(a)(2)'s provision prohibiting one from "intentionally exceeding an authorization to access" protected information was inapplicable because that provision "anticipates that a person with authorization to a computer or database or certain portions of a database is not thereby authorized to visit *private zones of data* in the system."   *Id.* at 497 (emphasis added), *quoting Sherman & Co. v. Salton Maxim Housewares, Inc.*, 94 F.Supp.2d 817, 821 (E.D. Mich. 2000).   A person would thus exceed their authorization by "accessing the private portions" of

7

1  the database. *Werner-Matsuda,* 390 F.Supp.2d at 497, *quoting Educational Testing Svc. v. Stanley*

2  *Kaplan, Ed. Ctr., Ltd,* 965 F.Supp.731, 740 (D. Md. 1997).

3      In its SAC, Plaintiff acknowledges that Defendants purchased Site License subscriptions.

4  Accordingly, Defendants did not access the NMCD without authorization.  Plaintiff also has not

5  alleged that Defendants accessed any private zone of the NMCD to which Defendants did not have

6  access.  While Plaintiff attempts to state a claim under the ECPA by alleging that Defendants

7  exceeded the scope of their permission to access the NMCD, that is not the type of conduct sought to

8  be protected by the ECPA.  *See Werner-Matsuda,* 390 F.Supp.2d at 499.  Count VI, therefore,

9  should be dismissed.

10      **C.      California Penal Code 502 (Count VII)**

11      Plaintiff fails to state a claim for a violation of California Penal Code §502. (SAC at ¶78-83).

12  To violate this section, Defendants must have acted "knowingly and without permission."  *See* Cal.

13  Pen. Code §502 (c)(2),(3),(6),(7).  Plaintiff's allegations themselves, however, directly refute any

14  claim that Defendant acted "knowingly and without permission."  Plaintiff alleged that Defendants

15  "purchased" various Site Licenses to access the NMCD (SAC at ¶3(a),(c),(d)), such that any access

16  to the NMCD by Defendants was *with* permission, not without it.  Accordingly, Plaintiff's claim for

17  violation of California Penal Code §502 is inappropriate and should be dismissed.

18  **III.    Plaintiff's Common-Law Claims Fail To State A Cause of Action.**

19      **A.      Trespass (Count X)**

20      Plaintiff fails to state a claim for trespass. (SAC ¶¶93-96).  To state a claim for trespass, the

21  plaintiff must allege that the defendant intentionally interfered or intermeddled with the plaintiff's

22  personal property, and the conduct must cause *actual* damage to the property.  *See Intel Corp. v.*

23  *Hamadi* (2003) 30 Cal. 4th 1342, 1351.  Even where one has no right temporarily to use another's

24  personal property, such use is actionable as trespass only if it has *proximately* caused injury to the

25  property, i.e., only if the chattel is impaired as to its condition, quality or value, or the possessor is

26  deprived of the use of the chattel for a substantial period of time.  *Id.* at 1357.  "A basic element of

27  trespass to chattels must be *physical harm* to the chattel or some obstruction of its basic function."

28  *Id.* at 1355 (emphasis added), *citing Ticketmaster Corp. v. Tickets. com, Inc.,* 2000 U.S. LEXIS

Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606-4410

[Defendant's Motion To Dismiss Eight Counts Of Plaintiff's Second Amended Complaint]

Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606-4410

1   12987, *16-17 (C.D. Cal. 2000).  Nominal damages will not be awarded, and in the absence of any

2   actual damages, an action for trespass will not lie.  *Intel*, 30 Cal. 4th at 1352.

3        In its SAC, Plaintiff only alleges that Defendants improperly accessed the NMCD and that,

4   as a result, it suffered "irreparable damages." (SAC at ¶96).  These allegations are insufficient to

5   state a claim for trespass.  To illustrate, Plaintiff fails to allege any *proximate* or *actual* damage to its

6   computer system or to NMCD—in the form of impairment of condition, quality or value, deprivation

7   of use, or otherwise.  This is fatal to Plaintiff's claims.  Even in cases where trespass to a computer

8   system has been upheld, the court expressly required a showing that the defendant's use

9   "overburdened the [plaintiff's] system, denying some subscribers access" (*Thrifty-Tel, Inc. v.*

10  *Bezenek* (1996) 46 Cal.App.4th 1559, 1564), that the defendant's use "could slow the response times

11  of the registrars' databases and even overload them" (*Register.com, Inc. v. Verio, Inc.*, 126 F. Supp.

12  2d 238, 250 (D.N.Y. 2000)), or that the plaintiff "would suffer irreparable harm from reduced system

13  performance, system unavailability, or data losses" (*Ebay, Inc. v. Bidder's Edge, Inc.*, 100 F.

14  Supp.2d 1058, 1066 (N.D. Cal. 2000)).  *See also Intel*, 30 Cal.4th at 1356.  Because Plaintiff has not

15  alleged the required damage or impairment to state a legally cognizable cause of action for trespass,

16  Count X should be dismissed.

17  **B.**    **Misappropriation Of Trade Secret (Count XI)**

18       Plaintiff fails to state a cause of action for misappropriation of trade secrets. (SAC at ¶¶97-

19  103).  To the extent that Plaintiff's claim appears to be a common-law claim for misappropriation of

20  confidential information, it is preempted by the Uniform Trade Secrets Act ("UTSA").  *See*

21  *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F.Supp.2d 941, 954 (N.D. Cal. 2003).

22       "Under California law, a person cannot be held liable for misappropriation unless he or she

23  unlawfully acquires, discloses, or uses information that is a 'trade secret.'"  *Forcier v. Microsoft*

24  *Corp.*, 123 F.Supp.2d 520, 529 (N.D. Cal. 2000), *citing* Cal. Civ. Code § 3426.1.  A trade secret is

25  "information, including a formula, pattern, compilation, program, device, method, technique, or

26  process" that derives actual or potential value "from not being generally known to the public or to

27  other persons who can obtain economic value from its disclosure or use" and that is "the subject of

28  efforts that are reasonable under the circumstances to maintain secrecy." Cal. Civ. Code § 3426.1(d).

Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606-4410

1   To state a claim for misappropriation, a party must allege that (1) his information constituted a trade

2   secret; (2) defendant misappropriated and used plaintiff's trade secret information in the conduct of

3   his business; and (3) defendant was unjustly enriched by such misappropriation and use. *Brown v.*

4   *Adidas Int.*, 938 F. Supp. 628, 634 (D. Cal. 1996), *citing Forro Precision, Inc. v. Int'l Bus. Machines*,

5   673 F.2d 1045, 1056-57 (9th Cir. 1982).

6          Plaintiff fails to allege that the information, which Defendants allegedly misappropriated,

7   constitutes a trade secret. (SAC at ¶¶97-103). Plaintiff only alleges that the "username and passcode

8   combination was an item of independent economic value." (SAC at ¶100). It does not allege, nor

9   could it allege, that the username and passcode combination constituted a trade secret. Even if

10  plaintiff had alleged that the combination was a trade secret, its claim would nevertheless fail

11  because the username-passcode combination does not "derive independent economic value"—it only

12  provides access to the NMCD, and Defendants had access to the NMCD in print form.[3]

13         Plaintiff also fails to allege that Defendants were unjustly enriched by any misappropriation

14  of the combination. The username-passcode combination did not provide any more financial benefit

15  to Defendants whether it was used by a single user or shared, as alleged. Accordingly, Plaintiff fails

16  to state a cause of action for misappropriation and Count XI should be dismissed.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

---

[3] Nowhere in the SAC does Plaintiff allege that the NMCD constitutes a trade secret.

[Defendant's Motion To Dismiss Eight Counts Of Plaintiff's Second Amended Complaint]

# CONCLUSION

Plaintiff's SAC is legally deficient in a number of respects.  The copyright infringement claims, set forth in Counts I through III, fail as a matter of law because Plaintiff has failed to plead that the Defendants copied a protectible portion of Plaintiff's alleged, but unidentified, copyright(s) in the NMCD.  The computer-related statutory based claims, Counts V through VII, fail as a matter of law because Plaintiff has not allege, nor could it allege, that Defendants hacked into the NMCD. Plaintiff's trespass claim, Count X, fails because Plaintiff has not alleged that Defendants' tortious use of the NMCD caused damaged to the NMCD.  Finally, Plaintiff's misappropriation of trade secret claim, Count XI, fails because Plaintiff has failed to allege sufficient facts to establish that the Defendants misappropriated a valid trade secret of Plaintiff.  Accordingly, Counts I, II, III, V, VI, VII, X, and XI in the SAC should be dismissed.

Dated: July 5, 2006

Respectfully submitted,

LORD, BISSELL & BROOK LLP

By:_____/s/ Gabriel G. Green_____
John T. Williams
Gabriel G. Green
Attorneys For Defendants
NBTY, INC. & REXALL SUNDOWN, INC.

Lord, Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606-4410

[Defendant's Motion To Dismiss Eight Counts Of Plaintiff's Second Amended Complaint]