```
 1
 2
 3
 4
 5
 6
 7
                  IN THE UNITED STATES DISTRICT COURT
 8
                FOR THE EASTERN DISTRICT OF CALIFORNIA
 9
10  THERAPEUTIC RESEARCH FACILITY,    )
                                      )   2:05-cv-2322-GEB-DAD
11                 Plaintiff,         )
                                      )
12        v.                          )   ORDER
                                      )
13  NBTY, INC., REXALL SUNDOWN, INC., )
    and LE NATURISTE J.M.B. INC.,     )
14                                    )
                   Defendants.        )
15  _____    )
```

On July 13, 2006, the parties filed a joint motion to stay the proceedings for sixty days "to allow the parties to pursue ongoing settlement discussions." (Mot. at 2.) The parties state they "have made significant progress" in settlement discussions "in the past week or so," and "they now believe . . . a 'cease fire' is warranted to foster the further discussions that remain." (Id. at 2-3.) In addition, the parties assert a stay will "avoid [a] potentially unnecessary burden upon the Court and upon the parties" since "each side has additional written discovery responses due in the near future" and "a number of motions and discovery matters are currently pending in the action," namely a motion to dismiss before the District Judge and motions to compel discovery before the Magistrate Judge. (Id.)

1    Although the parties indicate the requested stay will affect
2 some of the dates prescribed in the Status (Pretrial Scheduling) Order
3 filed February 13, 2006, ("Status Order") the parties fail to address
4 the litigation status of this action should settlement not be reached.
5 Since this has not been addressed, granting the stay would cause the
6 litigation status of the action to be uncertain. Therefore, the stay
7 motion is denied.  However, in light of the parties' representation
8 that they are trying to resolve the action in sixty days "amicably and
9 without the need for further intervention from the Court," the
10 opportunity for the parties to "cease fire" will be granted as
11 follows.[1]

12    The hearing on the motion to dismiss currently scheduled for
13 August 7, 2006, is continued to October 2, 2006, at 9:00 a.m.  In
14 addition, the July 21, 2006, hearing before the Magistrate Judge on
15 the motions to compel is vacated with the understanding that the
16 parties will contact the Magistrate Judge's Courtroom Deputy to
17 reschedule it if rescheduling it desired.[2]  Lastly, the Status Order
18 is amended as follows:

19    (1) Each party shall comply with Federal Rule of Civil
20 Procedure 26(a)(2)'s initial expert witness disclosure and report

---

[1]    Although the stay motion is denied, modifications are made to the status of the action in order to provide the parties with the settlement opportunity they seek, and to concomitantly ensure that the action is scheduled for litigation should settlement efforts fail. Cf. Franklin v. Kaypro Corp., 884 F.2d 1222, 1225 (9th Cir. 1989) (stating "the policy of federal courts is to promote settlement before trial," but indicating litigation should remain scheduled on "crowded court dockets").

[2]    The District Judge was unable to effectuate rescheduling the motions to compel.

2

requirements on or before October 27, 2006, and with the rebuttal expert disclosures authorized under the Rule on or before November 27, 2006;

    (2) All discovery shall be completed by March 30, 2007;

    (3) The last hearing date for law and motion is April 30, 2007, at 9:00 a.m.;

    (4) The final pretrial conference shall commence at 2:30 p.m. on June 18, 2007.

The trial date of August 7, 2007, remains unchanged.[3]

IT IS SO ORDERED.

Dated:  July 14, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[3] By shortening the time frame between the final pretrial conference and trial commencement date, the parties are warned that it is unlikely a court-supervised settlement conference will be convened, which the previous gap between the dates was intended to ensure.