IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THERAPEUTIC RESEARCH FACULTY,         NO. CIV.S-05-2322 GEB DAD

    Plaintiff,

 v.                                    ORDER

NBTY, INC., et al.,

    Defendants.
_____/

    This matter came before the court on November 3, 2006, for hearing on plaintiff Therapeutic Research Faculty's motion to compel further answers to interrogatories and production of documents from defendants NBTY, Inc. ("NBTY") and Rexall Sundown, Inc. ("Rexall"). Seth Berlin appeared on behalf of plaintiff. Gabriel Green appeared on behalf of defendants. Having considered all written materials submitted in connection with the motion, and after hearing oral argument, for the reasons and to the extent discussed more fully on the record during the hearing, IT IS HEREBY ORDERED that:

/////

1.   Plaintiff's motion to compel is granted in part and denied in part.

2.   As to Interrogatories 4 and 8 to defendants NBTY and Rexall each, the motion is granted in part.  Defendants shall supplement their answers to identify each individual assigned to each work station identified in the web logs previously provided by defendants.  Defendants shall also inquire of each of those individuals, as well as the approximately two dozen employees working for Florence U. Okaro, whether he or she logged on to plaintiff's database using a password and shall provide the information obtained to plaintiff.

3.   As to Request Nos. 1 and 18 to NBTY and Request Nos. 1 and 16 to Rexall, the motion is denied.

4.   As to Request Nos. 20-24 to NBTY and Request Nos. 18-22 to Rexall, the motion is denied.

5.   As to Request No. 3 to defendants NBTY and Rexall each, the motion is denied.

6.   As to Interrogatory No. 12 to defendants NBTY and Rexall as well as Request No. 15 to NBTY and Request No. 13 to Rexall, the motion is granted in part.  Defendants shall supplement their answers to account for all claims, investigations, or legal actions against it alleging any of the causes of action set forth in the Second Amended Complaint for the period 2002 to the present.

7.   As to Request No. 6 to NBTY and Rexall each, the motion is denied.  In relevant part, Request No. 6 seeks "All documents ... related in any manner to the ... disposition of any and all specialty

publications ...." Plaintiff maintains the request is designed to discover information regarding defendants use (and, according to plaintiff, abuse) of publications similar to the database at issue in this case. However, the request is unreasonably broad in that it contains no limitation with respect to time and potentially encompasses a vast number of documents by its terms. Moreover, the request appears to be based on nothing more than plaintiff's unsupported speculation that defendants may possibly have used other specialty publications in some unidentified improper manner. For these reasons, the motion is denied as to Request No. 6.[1]

      8. Defendants shall comply with the terms of this order within two weeks.

      9. The parties' requests for sanctions are denied.

DATED: November 6, 2006.

                     /s/ Dale A. Drozd
                     DALE A. DROZD
                     UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.civil\therapeutic.oah.110306

---

[1] The court took the instant motion under submission with respect to Request No. 6. The other aspects of this order reflect the court's rulings from the bench at the hearing on the motion.

3