IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THERAPEUTIC RESEARCH FACULTY,          NO.  CIV.S-05-2322 GEB DAD

        Plaintiff,

   v.                                     ORDER

NBTY, INC., et al.,

        Defendants.
_____/

       This matter came before the court on November 17, 2006, for hearing on defendants NBTY, Inc. and Rexall Sundown, Inc.'s motion to compel further production of documents and answers to interrogatories from plaintiff Therapeutic Research Faculty.  Seth Berlin appeared on behalf of plaintiff.  Gabriel Green appeared on behalf of defendants. Having considered all written materials submitted in connection with the motion, and after hearing oral argument from the parties at some length, the court ruled from the bench with respect to all but one of the discovery requests that were the subject of defendants' motion. With respect to Document Request No. 41, the court took the motion

1

under submission.  Accordingly, below the court addresses the merits of Request No. 41 before setting froth the summary order on defendants' motion.

Defendants' Request No. 41 seeks all documents related to "enforcement actions, including but not limited to lawsuits filed or contemplated, investigations, settlement agreements, and/or cease and desist actions, taken by Plaintiff" relating to the publications at issue in this action.  (Joint Statement at 29.)  Defendants seek such documents to support their affirmative defense of copyright misuse by plaintiff.  However, aside from the self-serving assertion that "Plaintiff has now twice attempted to misuse its copyright(s) to extort additional licensing fees from Defendants" (Joint Statement at 30), at this stage of the proceedings defendants have made no showing of a connection between plaintiff's alleged anticompetitive conduct and any restraint on defendants' creative expression.  See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., --- F. Supp. 2d ----, 2006 WL 2806882, *24-29 (C.D. Cal. 2006)(denying Rule 56(f) request to conduct discovery on copyright misuse affirmative defense because "a litany of vague allegations of anticompetitive conduct" did not establish a "sufficient nexus" with the public policy of promoting invention and creative expression to implicate the misuse defense); Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 192 F. Supp. 2d 321, 346 (D. N.J. 2002) ("anti-competitive actions [such as retail price squeezes, raising costs through licensing provisions, refusals to deal, and exclusive dealing] are not alleged here such that this Court is compelled to allow further discovery").  While the

court makes no comment regarding the ultimate merit of defendants' affirmative defense, it cannot grant this broad request for discovery in the total absence of such a showing at this point in the case.

Additionally, plaintiff has represented to the court that "this action is the first instance in [its] twenty-two year history that it has filed a lawsuit against a subscriber." (Joint Statement at 38.) Thus, there are no documents to be discovered regarding "lawsuits filed." Plaintiff admittedly has confidentially resolved excessive license use issues with other subscribers short of litigation. However, the court is not inclined to order disclosure of those confidential settlement agreements in light of the privilege relating to settlement discussions. See Cook v. Yellow, Freight Sys., Inc., 132 F.R.D. 548, 554 (E.D. Cal. 1990) (denying motion to compel discovery of settlement-related documents), overruled on other grounds by Jaffee v. Redmond, 518 U.S. 1 (1996). No other documents responsive to defendants' request have been identified by either side. For all of these reasons, the motion to compel as to Request No. 41 will be denied.

Accordingly, for the reasons set forth above with respect to Request No. 41, and for the reasons discussed more fully on the record at the hearing regarding the other discovery requests, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel is granted in part and denied in part.

2. As to Document Request Nos. 2, 3 and 10, the motion is granted with respect to the 1999 copyright certificate referred to in

the parties' joint statement regarding discovery dispute.  The motion is otherwise denied as to these requests.

    3.   As to Document Request Nos. 9, 28, 31 and 40, the motion is denied.

    4.   As to Document Request No. 41, the motion is denied.

    5.   As to Document Request Nos. 11, 15 and 39, the motion is denied.

    6.   As to Document Request Nos. 22, 42 and 43, the motion is denied.

    7.   As to Document Request No. 8, the motion is denied.

    8.   As to Interrogatory No. 8, the motion is denied.

    9.   Plaintiff shall comply with the terms of this order within two weeks.

    10.  The parties' requests for sanctions are denied.

DATED: November 20, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.civil\therapeutic.oah.111706